UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>-against-<br><br>THE HYDROGEN TECHNOLOGY CORPORATION, MICHAEL ROSS KANE, AND TYLER OSTERN,<br><br>             Defendants. | Case No. 22-cv-08284 (LAK)<br><br> |

## [PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS THE HYDROGEN TECHNOLOGY CORPORATION AND MICHAEL ROSS KANE

Plaintiff Securities and Exchange Commission having filed a Complaint and Defendants The Hydrogen Technology Corporation ("Hydrogen") and Michael Ross Kane ("Kane") (together with Hydrogen, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Hydrogen and Kane each are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

1

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

> (a) to employ any device, scheme, or artifice to defraud;
>
> (b) to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
>
> (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Hydrogen and Kane each are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

> (a) to employ any device, scheme, or artifice to defraud;
>
> (b) to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Hydrogen and Kane each are permanently restrained and enjoined from violating Sections 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

    instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Hydrogen and Kane each are permanently restrained and enjoined from violating Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)] by, directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or for any member of a national securities exchange to: effect, alone or with one or more other persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Hydrogen and Kane each are permanently restrained and enjoined from violating Section 20(b) of the Exchange Act [15 U.S.C. § 78t(b)] by, directly or indirectly, doing any act or thing that it would be unlawful under the provisions of the Exchange Act or any rule or regulation thereunder through our by means of any other person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendants Hydrogen and Kane each are permanently restrained and enjoined from participating, directly or indirectly, including, but not limited to, through any entity controlled by Defendants, in any offering of crypto asset securities, provided, however, that such injunction shall not prevent Kane from purchasing or selling crypto asset securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) each of said Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Kane is restrained and enjoined, for a period of five (5) years, from participating, directly or indirectly, including, but not limited to, through any entity controlled by him, in any offering of securities, provided, however, that such injunction shall not prevent Kane from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Kane's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Kane or with anyone described in (a).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2) and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant Kane is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C.

§ 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hydrogen is liable for disgorgement of $1,516,703.53, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $244,531.98, and a civil penalty in the amount of $1,035,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Defendant Hydrogen shall satisfy this obligation by paying $2,796,235.51 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph X below.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Kane is liable for disgorgement of $45,818.79, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $7,387.25, and a civil penalty in the amount of $207,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Defendant Kane shall satisfy this obligation by paying $260,206.04 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph X below.

Defendants Hydrogen and Kane may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants Hydrogen and Kane each may also pay

by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying by name the Defendant as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Defendant making such payment shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendants Hydrogen and Kane shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against one or both Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

X.

Defendant Hydrogen shall pay the total of disgorgement, prejudgment interest, and penalty due of $2,796,235.51 in four (4) installments to the Commission according to the following schedule: (1) $696,235.51, within 30 days of entry of this Final Judgment;

(2) $700,000, within 120 days of entry of this Final Judgment; (3) $700,000, within 240 days of entry of this Final Judgment; and (4) $700,000, within 360 days of entry of this Final Judgment.

Defendant Kane shall pay the total of disgorgement, prejudgment interest, and penalty due of $260,206.04 in twelve (12) installments to the Commission according to the following schedule:

(1) $20,000, within 30 days of entry of this Final Judgment;

(2) $21,206.04, within 2 months of entry of this Final Judgment;

(3) $21,900, within 3 months of entry of this Final Judgment;

(4) $21,900 within 4 months of entry of this Final Judgment;

(5) $21,900 within 5 months of entry of this Final Judgment;

(6) $21,900 within 6 months of entry of this Final Judgment;

(7) $21,900 within 7 months of entry of this Final Judgment;

(8) $21,900 within 8 months of entry of this Final Judgment;

(9) $21,900 within 9 months of entry of this Final Judgment;

(10) $21,900 within 10 months of entry of this Final Judgment;

(11) $21,900 within 11 months of entry of this Final Judgment; and

(12) $21,900, within 12 months of entry of this Final Judgment.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendants Hydrogen and Kane each shall contact the staff of the Commission for the amount due for the final payment.

If either Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedules set forth above, all outstanding payments owed by said Defendant under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of Defendants Hydrogen and Kane are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the following undertakings:

(a) Defendants Hydrogen and Kane shall: (i) permanently disable all Hydro tokens in their possession or control minted by Hydrogen on the Ethereum blockchain in 2018, with smart contracts 0x12FB5d5802C3B284761d76C3e723EA913877afBa and 0xEBBdf302c940c6bfd49C6b165f457fdb324649bc ("Hydro"); and (ii) destroy any other tokens trading under the ticker symbol HYDRO in their possession or control, including any Hydro owned by or held in the name of Hydrogen, within thirty (30) days of the entry of the Final Judgment;

(b) Defendant Hydrogen shall publish notice of the Final Judgment on Hydrogen's website and social media channels, in a form not unacceptable to Commission staff, within thirty (30) days of the entry of the Final Judgment;

(c) Defendant Hydrogen shall issue requests to remove the Hydro identified by the smart contracts in Section XI(a)(i) above from any further trading on any and all crypto asset trading platforms on which Hydro are or may be trading, including

any that Defendant previously contacted to request trading or listing of Hydro, and publish requests on Hydrogen's website and social media channels, in a form not unacceptable to Commission staff, within thirty (30) days of the entry of the Final Judgment; and

(d) Each of Defendants Hydrogen and Kane shall certify, in writing, compliance with their respective undertakings set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendants agree to provide such evidence. Defendants shall submit their certifications and supporting materials to Paul Kim, Assistant Director, Division of Enforcement, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIII.

This case previously having been resolved as to the only other defendant, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 20, 2023

_____
UNITED STATES DISTRICT JUDGE